1  CAZ HASHEMI, State Bar No. 210239
   chashemi@wsgr.com
2  STEPHEN B. STRAIN, State Bar No. 291572
   sstrain@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone: (650) 493-9300

6  *Attorneys for Defendants Andrew Anagnost,
   Deborah Clifford, Stacy Smith, Karen
7  Blasing, Reid French, Dr. Ayanna Howard,
   Blake Irving, Mary McDowell, Stephen
8  Milligan, Lorrie Norrington, Betsy Rafael,
   and Rami Rahim, and Nominal Defendant
9  Autodesk, Inc.*

10 [Additional Counsel on Signature Page]

11                **UNITED STATES DISTRICT COURT**

12                **NORTHERN DISTRICT OF CALIFORNIA**

13                        **OAKLAND DIVISION**

| | |
|---|---|
| ALPESH SHAH, Derivatively on Behalf of Nominal Defendant AUTODESK, INC., | Case No.: 4:24-cv-03451-YGR |
| Plaintiff, | The Hon. Yvonne Gonzalez Rogers |
| v. | **STIPULATION AND [PROPOSED] ORDER STAYING DERIVATIVE ACTIONS** |
| ANDREW ANAGNOST, KAREN BLASING, REID FRENCH, AYANNA HOWARD, BLAKE IRVING, MARY MCDOWELL, STEPHEN MILLIGAN, LORRIE NORRINGTON, ELIZABETH RAFAEL, RAMI RAHIM, STACY SMITH, and DEBORAH CLIFFORD, | |
| Defendants, | |
| and | |
| AUTODESK, INC., | |
| Nominal Defendant. | |

[Additional caption on following page]

STIPULATION AND [PROPOSED] ORDER
STAYING DERIVATIVE ACTIONS
CASE NO.: 4:24-CV-03451-YGR

| | |
|---|---|
| LISA KOLTA, derivatively on behalf of AUTODESK, INC., | Case No.: 4:24-cv-03804-YGR |
| Plaintiff, | The Hon. Yvonne Gonzalez Rogers |
| v. | |
| ANDREW ANAGNOST, DEBORAH CLIFFORD, STACY SMITH, KAREN BLASING, REID FRENCH, DR. AYANNA HOWARD, BLAKE IRVING, MARY MCDOWELL, STEPHEN MILLIGAN, LORRIE NORRINGTON, BETSY RAFAEL, and RAMI RAHIM, | |
| Defendants, | |
| and | |
| AUTODESK, INC., | |
| Nominal Defendant. | |

1  WHEREAS, on April 24, 2024, plaintiff Michael Barkasi filed a putative securities class action captioned *Barkasi v. Autodesk, Inc., et al.*, Case No. 4:24-cv-02431-YGR (the "Securities Class Action") in this Court against defendants Andrew Anagnost, Deborah L. Clifford, and Autodesk, Inc. ("Autodesk" or the "Company");

WHEREAS, on June 7, 2024, plaintiff Alpesh Shah filed a shareholder derivative action on behalf of nominal defendant Autodesk in this Court alleging causes of action for violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 14a-9 promulgated thereunder, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, abuse of control, and waste of corporate assets against defendants Andrew Anagnost, Karen Blasing, Reid French, Ayanna Howard, Blake Irving, Mary McDowell, Stephen Milligan, Lorrie Norrington, Elizabeth Rafael, Rami Rahim, Stacy Smith, and Deborah Clifford (collectively, the "Individual Defendants," and together with the Company, "Defendants"), captioned *Shah v. Anagnost et al.*, Case No. 4:24-cv-03451-YGR (the "*Shah* Action");

WHEREAS, on June 25, 2024, plaintiff Lisa Kolta (together with plaintiff Alpesh Shah, "Plaintiffs") filed a shareholder derivative action on behalf of nominal defendant Autodesk in this Court alleging causes of action for violations of Sections 20(a), 10(b) of the Exchange Act and SEC Rule 10b-5, breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets, and for contribution under Sections 10(b) and 21D of the Exchange Act against the Individual Defendants, captioned *Kolta v. Anagnost, et al.*, Case No. 4:24-cv-03804-YGR (the "*Kolta* Action," and together with the *Shah* Action, the "Related Actions");

WHEREAS, the parties to the Related Actions agree that those actions arise from substantially similar underlying transactions and events as the Securities Class Action, and, accordingly, defendants in the Securities Class Action filed administrative motions on June 27, 2024 and June 28, 2024 to consider whether the Related Actions should be deemed related to the Securities Class Action in accordance with Civil Local Rule 3-12 (Securities Class Action, ECF Nos. 35, 37);

STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER                - 1 -
STAYING DERIVATIVE ACTIONS
CASE NO.: 4:24-cv-03451-YGR

1   WHEREAS, on July 10, 2024, the Court granted the administrative motions to relate the
2   Related Actions to the Securities Class Action, finding that: (1) the Related Actions involve the
3   same general events, similar alleged misstatements, allegations of violations of the federal
4   securities laws, and overlapping parties and issues as the Securities Class Action; and (2) an unduly
5   burdensome duplication of labor and expense would result if the cases were allowed to proceed
6   separately (*Kolta* Action, ECF No. 11);

7   WHEREAS, on July 12, 2024, Plaintiffs and Defendants filed a stipulation to consolidate
8   the Related Actions into one action;

9   WHEREAS, on August 2, 2024, the Court in the Securities Class Action ordered, *inter*
10  *alia*, that (1) lead plaintiffs in that action shall file an amended complaint by September 16, 2024;
11  and (2) defendants in that action shall answer or otherwise respond to the amended complaint by
12  November 25, 2024 (Securities Class Action, ECF No. 46);

13  WHEREAS, on September 23, 2024, the Court held initial case management conferences
14  for the *Shah* and *Kolta* Actions, during which the Court posed questions about the initial
15  consolidation stipulation filed by the parties in those actions on July 12, 2024;

16  WHEREAS, on October 14, 2024, Plaintiffs and Defendants filed an amended stipulation
17  to consolidate the Related Actions into one action (the "Consolidated Derivative Action") and
18  appoint lead counsel for plaintiffs in the Consolidated Derivative Action in response to the Court's
19  questions during the September 23, 2024 case management conferences, which the Court denied
20  without prejudice on October 15, 2024 because the "proposed order is missing text which provides
21  a definition" of the defined term "Plaintiffs", and in response to which the Plaintiffs and
22  Defendants filed a second amended stipulation to consolidate the Related Actions and appoint lead
23  counsel for plaintiffs in the Consolidated Derivative Action (*Shah* Action, ECF No. 45);

24  WHEREAS, Plaintiffs and Defendants have conferred and agree that, if the Court
25  consolidates the Related Actions into the Consolidated Derivative Action, a stay of the
26  Consolidated Derivative Action pending the resolution of any and all motion(s) to dismiss in the
27  Securities Class Action is appropriate in that it will avoid inefficiencies and duplicative efforts,

28  STIPULATION AND [PROPOSED] ORDER         - 2 -
    STAYING DERIVATIVE ACTIONS
    CASE NO.: 4:24-CV-03451-YGR

will better preserve the resources of the Court and the parties, and will more closely align the proceedings in the Consolidated Derivative Action with the proceedings in the Securities Class Action;

WHEREAS, by entering into this Stipulation, Defendants do not waive and expressly reserve all rights, defenses, and objections, including those relating to the merits, jurisdiction, and venue.

NOW, THEREFORE, Plaintiffs and Defendants, by and through their undersigned counsel, hereby agree and stipulate as follows, subject to Court approval:

1. All proceedings in the Related Actions, if consolidated into the Consolidated Derivative Action, including all deadlines, hearings, ADR requirements and conferences, any deadlines to move, answer, plead, or otherwise respond to the complaints in the Related Actions are hereby stayed until any and all motion(s) to dismiss in the Securities Class Action have been finally and fully resolved, including that any appeals have been concluded or the time for seeking appellate review has passed with no further action from the parties to the Securities Class Action.

2. During the pendency of this stay, Defendants shall notify Plaintiffs' counsel if a shareholder derivative action arising from substantially similar or the same facts as alleged in the Consolidated Derivative Action is filed (a "Related Derivative Action").

3. If a Related Derivative Action is not stayed for a similar or longer duration as the Consolidated Derivative Action, Plaintiffs shall have the option to terminate the stay within fourteen (14) days after giving notice to counsel for Defendants via email and filing such notice with the Court.

4. During the pendency of this stay, if Defendants produce documents to plaintiffs in a Related Derivative Action, then Defendants shall provide a copy of such production to Plaintiffs' counsel within fourteen (14) business days of such production, subject to the execution by Plaintiffs of a reasonable confidentiality agreement governing the use and disclosure of these materials, including the incorporation of any such materials in any amended complaint that Plaintiffs may file in the Consolidated Derivative Action.

5. During the pendency of this stay, Defendants shall provide Plaintiffs with reasonable advance notice of and shall invite Plaintiffs to participate in any mediation or formal settlement talks with plaintiff(s) in any Related Derivative Action.

6. During the pendency of this stay, Defendants shall provide Plaintiffs with reasonable advance notice of any mediation with the lead plaintiff in the Securities Class Action and shall make a good faith effort to include Plaintiffs in any such mediation, to the extent practicable. In the event that Plaintiffs are unable to participate in the mediation with the Securities Class Action, Defendants will engage in a mediation with Plaintiffs at or about the same time.

7. While the Consolidated Derivative Action is stayed, Plaintiffs may file a consolidated complaint, but Defendants shall not be required to respond to any complaint until after the stay is terminated.

8. Within twenty (20) days after the termination of the stay, the parties in the Consolidated Derivative Action shall meet and confer in good faith to determine how best to proceed in the action and submit to the Court a proposed scheduling order governing further proceedings in the Consolidated Derivative Action.

9. In entering into this Stipulation and agreement, the parties to the Consolidated Derivative Action expressly reserve all of their respective rights, claims, defenses, and objections.

10. This Stipulation shall not preclude or prevent the parties to the Consolidated Derivative Action from stipulating to, or filing a motion seeking a court order lifting, modifying or extending the terms of this Stipulation or any party's right to oppose such motion.

**IT IS SO STIPULATED.**

Dated: October 18, 2024      WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:    /s/ *Caz Hashemi*
          Caz Hashemi

*Attorneys for Defendants Andrew Anagnost, Deborah Clifford, Stacy Smith, Karen*

STIPULATION AND [P~~ROPOSED~~] ORDER     - 4 -
STAYING DERIVATIVE ACTIONS
CASE NO.: 4:24-CV-03451-YGR

*Blasing, Reid French, Dr. Ayanna Howard, Blake Irving, Mary McDowell, Stephen Milligan, Lorrie Norrington, Betsy Rafael, and Rami Rahim, and Nominal Defendant Autodesk, Inc.*

Dated: October 18, 2024  THE BROWN LAW FIRM, P.C.

By:   /s/ *Robert C. Moest*
          Robert C. Moest

Robert C. Moest (62166)
2530 Wilshire Boulevard, Second Floor
Santa Monica, California 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
Email: RMoest@aol.com

Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Attorneys for Plaintiff Lisa Kolta*

Dated: October 18, 2024  WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

By:   /s/ *Alex J. Tramontano*
          Alex J. Tramontano

Betsy C. Manifold (182450)
manifold@whafh.com
Rachele R. Byrd (190634)
byrd@whafh.com
Alex J. Tramontano (276666)
tramontano@whafh.com
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

RIGRODSKY LAW, P.A.
Seth D. Rigrodsky
Timothy J. MacFall
Samir Aougab
825 East Gate Boulevard, Suite 300

STIPULATION AND [PROPOSED] ORDER
STAYING DERIVATIVE ACTIONS
CASE NO.: 4:24-CV-03451-YGR

- 5 -

Garden City, NY 11530
Telephone: (516) 683-3516
sdr@rl-legal.com
tjm@rl-legal.com
sa@rl-legal.com

GRABAR LAW OFFICE
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 267-507-6085
jgrabar@grabarlaw.com

*Attorneys for Plaintiff Alpesh Shah*

## ATTORNEY ATTESTATION

I, Caz Hashemi, am the ECF User whose identification and password are being used to file this Stipulation. In compliance with Local Rule 5-1(i)(3), I hereby attest that the concurrence in the filing of the document has been obtained from the other signatories.

By:     /s/ *Caz Hashemi*
           Caz Hashemi

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: October 29, 2024

                                          HONORABLE YVONNE GONZALEZ ROGERS
                                          UNITED STATES DISTRICT JUDGE